UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

CODIE B. SOUTHWORTH,

Case No. 18-11922
Chapter 7

Debtor.

APPEARANCES:

Michael Leo Boyle, Esq.
Attorney for Debtor
Boyle Legal, LLC
64 2nd Street
Troy, NY 12180

James F. Selbach, Esq.
Co-Counsel for Debtor
Selbach Law Offices, P.C.
8809 Daylight Drive
Liverpool, NY 13090

Jeffrey B. Southworth, *Pro Se*
111 Oswald Street
Pawtucket, RI 02861

Richard B. Applebaum, Esq., *Pro Se*
1216 Atwood Avenue, Suite 3
Johnston, RI 02919-4912

Robert E. Littlefield, Jr., United States Bankruptcy Judge

**MEMORANDUM-DECISION AND ORDER**

The current matter before the Court is Codie B. Southworth's ("Codie" or "Debtor")

motion (the "Motion") requesting sanctions[1] for violation of 11 U.S.C. § 524 (a)(2)[2]'s discharge

---

[1] The Motion requests sanctions and monetary penalties including awards of actual damages, attorneys' fees, punitive damages and costs.

[2] 11 U.S.C. § 524 is titled "Effect of discharge" and subsection (a) states in relevant part regarding any debt discharged under 11 U.S.C. § 727, the discharge order "(2) operates as an injunction against the commencement or continuation of an action…or an act, to collect...any such debt as a personal liability of the debtor."

-1-

injunction against Richard B. Applebaum, Esq. ("Applebaum") and Jeffrey B. Southworth[3] ("Jeffrey"). The Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b). For the following reasons, the Motion is granted in part.

## BACKGROUND

This family dispute[4] centers on certain educational loans obtained by Jeffrey to assist Codie in financing his college education. According to Jeffrey, Codie agreed to repay him after graduation; however, nothing was reduced to writing. Jeffrey states that Codie remitted payments for 18 months but then stopped. Father then sued son in Rhode Island Superior Court; Applebaum was attorney of record in the state court action (the "Action"). Shortly thereafter, Codie filed a chapter 7 petition in the Northern District of New York. Jeffrey was a scheduled unsecured creditor. According to the records in the Bankruptcy Clerk's Office, Jeffrey received notice of the bankruptcy filing and the issuance of Codie's discharge (the "Discharge Order"). Codie filed this Motion because the Action continued post discharge. The Action was ultimately dismissed.

Jeffrey is acting *pro se* in this matter because Applebaum is not admitted in the Northern District of New York.

## FACTS

1. Jeffrey instituted the Action on May 1, 2018. (ECF No. 31, Part 2).

2. Codie interposed an answer on May 25, 2018. (Ex. to Applebaum Affirmation) (ECF No. 84).

3. The Debtor filed his chapter 7 proceeding on October 31, 2018. (ECF No. 1).

---

[3] Jeffrey is Codie's father.

[4] A motion for partial summary judgment in connection with a request for sanctions alleging violations of the discharge injunction is pending against Applebaum and Kailey Southworth (Codie's sister). A separate decision will be issued addressing that matter.

4. Jeffrey was duly scheduled in the petition and received notice of the commencement of the filing.  (Stipulation of Facts filed April 27, 2020) (ECF No. 56).

5. The Bankruptcy Court issued the Discharge Order on February 25, 2019.  *Id.*

6. The Discharge Order was sent to Jeffrey at his home residence at the time the discharge was entered.  (ECF No. 13).

7. Any debt owed by the Debtor to Jeffrey is discharged.  (ECF No. 56).

8. Applebaum was aware of the Discharge Order no later than March 8, 2019.[5]

9. The Action was dismissed consensually on July 10, 2020.  (ECF No. 90).

## ARGUMENTS

The Debtor's position is simple.  His attorney argues that the continued existence of the Action post discharge is a violation of Section 524(a)(2).

In lieu of opposition to the Motion, Applebaum submitted an "Objection and Motion to Strike or for Summary Denial" and states that Section 524(a)(2) does not apply to the Action "given the continuing failures of Debtor and/or counsel for Debtor."  (ECF No. 84).  According to Applebaum, the Action "remains open, entirely because neither debtor, nor any attorney on his behalf filed anything regarding a bankruptcy filing in said state matter; not a Notice of Bankruptcy, copy of Bankruptcy Discharge, not anything whatsoever."  *Id.*  Applebaum writes that he "[is] NOT in violation of any discharge injunction, on account of failures of Debtor and/or Debtor's counsel to take necessary steps in the R.I. Case."  *Id.*  Seemingly, Applebaum argues that the burden was on Codie to take positive steps to somehow remove himself from the Action.

---

[5] On March 8, 2019, Applebaum sent a letter to Codie seeking to collect on the debt allegedly owed to Kailey.  The letter specifically acknowledges the bankruptcy discharge.  (ECF No. 17-2 Exhibit B).

-3-

Jeffrey sent a letter to this Court that states "[a]ll legalities in this case I have left in the control of my Attorney Richard B. Applebaum." (ECF No. 82).

## DISCUSSION

The simple facts in this case pose the narrow issue as to a prepetition creditor's obligation once it becomes aware of a bankruptcy discharge. Here, the debt in question was discharged yet the Action, based upon the discharged obligation, continued. That is exactly what is prohibited by statute and case law.

"Pursuant to Section 727(b), a discharge in a Chapter 7 case discharges a debtor from all debts arising before the filing of the bankruptcy petition, except those that are excepted from discharge." *Carvalho v. Sokoloff*, 2:18-CV-00277, 2019 U.S. Dist. LEXIS 20118, at *3 (E.D.N.Y. Feb. 7, 2019). "The discharge of a debt pursuant to [Section] 727 triggers the operation of [Section] 524, which protects the debtor from any personal liability on the debt." *Green v. Welsh*, 956 F.2d 30, 33 (2d Cir. 1992). As previously stated, Section 524 prohibits not only the commencement of an action but also its continuation.

Applebaum's apparent assertion that it was Codie's duty to take definitive steps[6] to remedy the violation of the discharge injunction is contrary to prevailing law. It has been repeatedly held that "[w]hen a creditor learns of a discharge violation, it has an affirmative duty to correct that violation." *In re Dogar-Marinesco*, Case No. 09-35544, 2016 Bankr. LEXIS 4111, at *21 (Bankr. S.D.N.Y. Dec. 1, 2016); *see also Faden v. Segal (In re Segal)*, BAP Nos. CC-14-1175-KuPaTa, CC-14-1224-KuPaTa, 2015 Bankr. LEXIS 286, at *20 (B.A.P. 9th Cir.

---

[6] Neither Applebaum nor Jeffrey offers any explanation as to how Codie would have been able to accomplish that goal. As stated *infra*, the Debtor has no affirmative duty to remedy a Section 524 violation. The burden is entirely on the creditor to undo what he has done. *Lone Star Sec. & Video, Inc. v. Gurrola (In re Gurrola)*, 328 B.R. 158, 175 (B.A.P. 9th Cir. 2005) ("[T]here is no merit in [the creditor's] position that the discharged debtor was obligated to take the initiative to clarify the discharge issue…").

-4-

Jan. 29, 2015) (finding that when the creditor learned of the discharge order that "he had an ongoing and affirmative duty after that point to unwind the effects of his discharge injunction violation"). Thus, "[t]he onus is on the creditor to inform other courts…and to discontinue any pending proceedings…." *Grinspan v. Grinspan (In re Grinspan)*[7], 597 B.R. 725, 733-34 (Bankr. E.D.N.Y. 2019) (citation omitted).

In *Jackson v. DeJesus (In re Jackson)*, Case No.: 15-21233, 2020 Bankr. LEXIS 367, at *11 (Bankr. Conn. Feb. 12, 2020), the bankruptcy court awarded attorney's fees and sanctions for a violation of the discharge injunction. The *Jackson* court found particularly offensive that the creditor did not dismiss certain state court appeals until the entry of the discharge violation order.

Despite notice of the Discharge Order, Applebaum and Jeffrey did not take any affirmative steps to dismiss the Action until after the Motion was filed. Applebaum claims that he could not unilaterally dismiss the Action because an answer had been filed. However, he simply could have requested that the Debtor sign a stipulation of dismissal immediately upon learning of the discharge. By not attempting to affirmatively remedy the situation, Applebaum and Jeffrey continued collection activities post discharge in violation of the statute.

**Sanctions for Violation of the Discharge Injunction Pursuant to *Taggart v. Lorenzen***

"Civil contempt, imposed under the court's section 105 powers, is the normal sanction for violations of the discharge injunction." 4 *Collier on Bankruptcy* ¶ 524.02[2][c] (16th ed. 2020). Recently, the Supreme Court in *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019) ruled:

---

[7] The Court recognizes that the *In re Grinspan* decision deals with 11 U.S.C. § 362, the automatic stay provision. However, the automatic stay terminates at discharge invoking the discharge injunction and therefore, the analysis as to the entity with the burden to rectify a violation is the same. *See In re Fucilo*, Case No. 00-36261, 2002 Bankr. LEXIS 475, at *17 (Bankr. S.D.N.Y. Jan. 24, 2002).

-5-

> [A] court may hold a creditor in civil contempt for violating the discharge order if there is no fair ground of doubt as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct may be lawful.

The Court continued:

> Under the fair ground of doubt standard, civil contempt therefore may be appropriate when the creditor violates the discharge order based upon an objectively unreasonable understanding of the discharge order or the statutes that govern its scope.
> *Id.* at 1802.

In effect, *Taggart* "clarifies that the standard to find civil contempt is objective, but subjective good or bad faith may affect the size of the range of losses attributable to the noncompliance with the injunction. Bad faith may widen the range of what is compensatory...Good faith may narrow the range." *In re LaGrand*, 612 B.R. 604, 613 (Bankr. E.D. Cal. 2020) (citations omitted).

To date, Applebaum's submissions have been confusing at best. Therefore, to ensure clarity of the record and that all arguments are properly addressed, the Court will allow Applebaum and Jeffrey until December 4, 2020 to provide the Court with an explanation as to why the actions taken or not taken in this case were "objectionably reasonable" based on *Taggart*. If the *Taggart* submission is credible, Codie will be given an opportunity to respond. If not within the safe harbor of *Taggart*, an inquest on damages will be scheduled.

Finally, the Court must address Jeffrey's contention that he left all legal issues to Applebaum. It is well settled that "clients must be accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993); *see also Garcia v. North Star Capital Acquisition, LLC (In re Garcia)*, Bankr. Case No. 09-54517, Chapter 7, Adv. No. 11-05149, 2013 Bankr. LEXIS 404, at *21-22 (Bankr. W.D. Tx. Jan. 31, 2013); ("[C]onstructive notice may be defined, crudely, as a rule in which if you should

have known something, you'll be responsible for what you should have known."); *In re Greenberg*, 526 B.R. 101, 105 (Bankr. S.D.N.Y. 2015) (finding that "when a non-bankruptcy counsel is actively engaged in prosecuting a creditor's claim against the debtor before a non-bankruptcy tribunal…that is a sufficient nexus to the bankruptcy case to justify imputing authorized agency") (citation omitted).  Here, Applebaum was prosecuting Jeffrey's claim in the Action and therefore, a sufficient nexus exists to hold Jeffrey in violation of the discharge injunction as well as Applebaum.

## CONCLUSION

It is crystal clear that Section 524 was violated.   What is not as clear is whether or not, after *Taggart,* the violation is punishable by contempt.

Based upon the foregoing, the Court finds that the failure of Applebaum and Jeffrey to take any affirmative steps to dismiss the Action is a violation of Section 524(a)(2).  Accordingly, the Debtor's Motion is hereby **GRANTED** as to Applebaum's and Jeffrey's culpability regarding the continuation of the Action; and it is further

**ORDERED**, Applebaum and Jeffrey have until **December 4, 2020** to provide the Court with submissions as to why the actions taken or not taken in this case were "objectionably reasonable" pursuant to the *Taggart* standard.  The pleadings are limited to only this issue and are to be received by the Clerk's office by close of business on **December 4, 2020**; and it is further

**ORDERED**, if after review, the Court finds the *Taggart* submission credible, Codie will be given an opportunity to respond.  If the Court does not find the submission falls within the *Taggart* parameters, an inquest on damages will be scheduled; and it is further

-7-

**ORDERED**, this Court retains jurisdiction to all matters arising from or related to the terms, conditions, and enforcement of this Order.

Dated: November 4, 2020
      Albany, NY

/s/ Robert. E. Littlefield, Jr.
Robert E, Littlefield, Jr.
United States Bankruptcy Judge
