UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

CODIE B. SOUTHWORTH,

Case No. 18-11922
Chapter 7

Debtor.

APPEARANCES:

Michael Leo Boyle, Esq.
Attorney for Debtor
Boyle Legal, LLC
64 2nd Street
Troy, NY 12180

James F. Selbach, Esq.
Co-Counsel for Debtor
Selbach Law Offices, P.C.
8809 Daylight Drive
Liverpool, NY 13090

Jeffrey B. Southworth, *Pro Se*
111 Oswald Street
Pawtucket, RI 02861

Richard B. Applebaum, Esq., *Pro Se*
1216 Atwood Avenue, Suite 3
Johnston, RI 02919-4912

Robert E. Littlefield, Jr., United States Bankruptcy Judge

**MEMORANDUM-DECISION AND ORDER**

The current matters before the Court are separate submissions by Richard B. Applebaum

Esq. ("Applebaum") and Jeffrey Southworth ("Jeffrey") pursuant to a November 4, 2020

decision (the "Decision") finding that they violated the discharge injunction granted to Codie B.

Southworth ("Codie" or "Debtor"). (ECF No. 100). The Decision gave both parties an

opportunity to provide submissions that if persuasive would place them within the safe harbor

provided by *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019)[1] offsetting any potential contempt.[2] The Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b). For the reasons that follow, both *Taggart* attempts fail.

## BACKGROUND

Familiarity with the Decision is presumed. However, a brief overview of the relevant facts follows. Applebaum,[3] acting on behalf of Jeffrey, initiated a collection action (the "Action") against Codie in the Rhode Island State Court. Subsequently, Codie filed a Chapter 7 proceeding in the Northern District of New York. Jeffrey was scheduled as an unsecured creditor and received notice of the filing (ECF No. 5) and discharge (ECF No. 12) which included his debt. Jeffrey advised Applebaum of the Bankruptcy at or around the time Jeffrey received the Notice of Filing. (ECF No. 100). Despite this knowledge, no effort was made by Applebaum or Jeffrey to dismiss the Action until after Codie filed a motion seeking sanctions for a violation of the discharge injunction.[4] (ECF No. 73).

---

[1] In *Taggart*, the Supreme Court held: "[A] court may hold a creditor in civil contempt for violating the discharge order if there is no fair ground of doubt as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct may be lawful." *Taggart*, 139 S. Ct. at 1799.

The Supreme Court continued, "Under the fair ground of doubt standard, civil contempt therefore may be appropriate when the creditor violates the discharge order based upon an objectively unreasonable understanding of the discharge order or the statutes that govern its scope." *Id.* at 1802. In effect, *Taggart* "clarifies that the standard to find civil contempt is objective, but subjective good or bad faith may affect the size of the range of losses attributable to the noncompliance with the injunction. Bad faith may widen the range of what is compensatory. Good faith may narrow the range." *In re LaGrand*, 612 B.R. 604, 613 (Bankr. E.D. Cal. 2020) (citations omitted).

[2] Pursuant to the Decision, the *Taggart* papers were to be filed with the Court on or before December 4, 2020. Jeffrey timely complied. Applebaum did not; his pleading was received by the Court on December 10, 2020. While the Court does not in any way condone Applebaum's late filing of papers, in the interest of completeness and finality, the Court will review the late filed document.

[3] Applebaum is not representing Jeffrey in the bankruptcy matter as he is not admitted in the Northern District of New York.

[4] The Action was ultimately dismissed on consent.

## ARGUMENTS

Applebaum writes, "No violation of 11 U.S.C. § 524 occurred since Debtor was aware that discharge of debt owed to Jeffrey B. Southworth was clearly acknowledged, no further step was taken to either collect on the debt or to further the existing state court action, and no harm was visited upon the debtor." (ECF No. 131, ¶ A). Applebaum continues, "Neither Debtor nor his attorney contacted Jeffrey or his attorney after Debtor filed his pro se answer in the state court proceeding." *Id.* at ¶ B. Applebaum indicates that he could not dismiss the Action as an answer had been interposed and therefore, Codie's consent was needed.

Applebaum also attempts to shift the burden to the Debtor to remedy the violation by suggesting that Codie should have sent a copy of the Discharge to the state court. Finally, he argues that "continuation" has various definitions per Webster's dictionary and none of the definitions apply in the present case.

Jeffrey argues that based upon his interpretation of the Explanation of Discharge (ECF No. 12), no future action could be taken to collect on the discharged debt and that he did not take any. Jeffrey opines that he commenced the Action prior to Codie's filing and therefore, did not believe he was in violation of the discharge injunction. Finally, Jeffrey indicates he was relying on his attorney's advice for all actions taken, or not taken, in this matter.

## DISCUSSION

Section 524 is titled "Effect of discharge" and subsection (a) states in relevant part, "A discharge in a case under this title -- (1) . . . with respect to any debt discharged . . . (2) operates as an injunction against the commencement or **continuation** of an action . . . or an act, to collect . . . any such debt as a personal liability of the debtor." 11 U.S.C. § 524 (a)(2) (emphasis added). As noted in the Decision, Applebaum and Jeffrey violated the discharge injunction by continuing

the Action, or more precisely, failing to discontinue it. At the very least, Applebaum and Jeffrey should have reached out in an effort to consensually dismiss the state court proceeding after the discharge was issued.

Applebaum's continued revisionist argument that no violation occurred finds no support in the Decision which is now a final order. A violation occurred. Under Applebaum's apparent theory, the lawsuit could have continued indefinitely because "no further step was taken" and "no harm was visited upon the debtor." (ECF No. 131). His position would rewrite the statute and remove the phrase "or continuation of an action."

Next, Applebaum's contention that Codie was not prejudiced by the continuation of the Action is simply incorrect.[5] As long as the Action "continued," the Debtor was negatively affected.[6] Moreover, Applebaum's argument that it was Codie's burden to take affirmative action (have his attorney contact Applebaum or Jeffrey or send a copy of the Discharge Order to the Rhode Island State Court) to remedy the violation was addressed in the Decision. It is beyond doubt that it is the creditor's obligation to remedy any discharge violation. (ECF No. 100, at 4-5).

For all these reasons, the Court finds no support in Applebaum's submission which could lead the Court to conclude that his actions (or rather his failure to act) were "objectionably reasonable" and therefore the *Taggart* standard is not met.

Jeffrey's belief that the discharge injunction only applies to future actions is completely at odds with the statute and the case law interpreting it. Moreover, he professes reliance on the

---

[5] The Court recognizes there are discharge violations that are far more egregious than the current matter. While this may lessen the damages due to the violation, it does not mean a violation has not occurred.

[6] For example, if a potential employer or credit grantor inquired about pending litigation, the Debtor would need to disclose the Action even though the underlying debt was discharged.

information received with a copy of the discharge.  However, that form also offers a broad caveat, in bold print, "**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**"  (ECF No. 12).

Jeffrey's reliance on his knowledge as a "layperson" is not convincing.  In effect, Jeffrey argues ignorance of the law, or more specifically his misinterpretation of the law, is an objectively reasonable basis for inaction and therefore, contempt is not appropriate.  The Court disagrees.  "[P]eople are presumed to know the law, and ignorance of the law is not a defense." *Skavysh v. Katsman*, No. 12 CV 3807, 2013 U.S. Dist. LEXIS 45933, at *7 (N.D. Ill. Mar. 28, 2013) (citation omitted).

Unfortunately for Jeffrey, his argument that he left all legal issues to Applebaum also fails.  As noted in the Decision, it is well settled that "clients must be accountable for the acts and omissions of their attorneys."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993); *see also In re Greenberg*, 526 B.R. 101, 105 (Bankr. S.D.N.Y. 2015) (finding that "when non-bankruptcy counsel is actively engaged in prosecuting a creditor's claim against the debtor before a non-bankruptcy tribunal . . . that is a sufficient nexus to the bankruptcy case to justify imputing authorized agency") (citation omitted).  Since the Action was allowed to continue, a direct violation occurred; Jeffrey must be held responsible as well as Applebaum.

Neither Applebaum nor Jeffrey has provided any facts, law, argument or analysis that would implicate *Taggart*.[7]  When reviewing a matter pursuant to *Taggart*, the Court must:

---

[7] Cases where the *Taggart* standard applies include *Loder v. Icemakers, Inc. (In re Loder)*, 796 Fed. Appx. 698 (11th Cir. 2020) (holding that the [creditor] had a legal basis to conclude debt was nondischargable); *In re Craig*, 608 B.R. 565 (Bankr. N.D. Al. 2019) ("[T]here was a fair ground of doubt under the particular circumstances of this case as to

> [D]iscern whether an objectively reasonable basis exists for
> concluding that Respondent's conduct was lawful. The Court must
> find the party accused of violating the discharge injunction acted
> "with knowledge of the [discharge] order" and that "there [was] no
> fair doubt as to whether the order barred the party's conduct-*i.e.*,
> no objectively reasonable basis for concluding that the party's
> conduct might be lawful."

*In re Cowan*, Case No. 18-54666, 2020 Bankr. LEXIS 3466, at *14 (Bankr. N.D. Ga. Dec. 10, 2020) (citations omitted).

Applebaum and Jeffrey knew of the discharge order and the Court now finds there is no "objectionably reasonable basis for concluding [their] conduct may be lawful." *Id*.

## CONCLUSION

The Court having thoroughly reviewed Applebaum's and Jeffrey's submissions finds them unavailing. The Court cannot find how their actions or inactions could be considered "objectively reasonable" under the *Taggart* standard; they are in contempt of the discharge order. Therefore, a conference will be held at **10:00 a.m., on February 10, 2021**, to discuss the scheduling and parameters of an inquest hearing.

Dated: January 22, 2021                              /s/ Robert E. Littlefield, Jr.
      Albany, New York                              Robert E. Littlefield, Jr.
                                                                   United States Bankruptcy Judge

---

whether the actions of Jackson County by its enforcement officer were lawful under the discharge order . . . ."); *In re Laudato*, Case No. 17-15129, 2019 Bankr. LEXIS 2886 (Bankr. N.D. Ohio Sept. 17, 2019) (finding that debtors did not prove it was objectively unreasonable for the County Treasurer to post delinquency in the normal course).