UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

    CODIE B. SOUTHWORTH,

                                Debtor.

Case No. 18-11922
Chapter 7

APPEARANCES:

Michael Leo Boyle, Esq.
*Attorney for Debtor*
Boyle Legal, LLC
64 2nd Street
Troy, NY 12180

James F. Selbach, Esq.
*Co-Counsel for Debtor*
Selbach Law Offices, P.C.
8809 Daylight Drive
Liverpool, NY 13090

Jeffrey B. Southworth, *Pro Se*
111 Oswald Street
Pawtucket, RI 02861

Kailey Southworth, *Pro Se*
111 Oswald Street
Pawtucket, RI 02861

Richard B. Applebaum, Esq., *Pro Se*
1243 Mineral Spring Avenue, Suite 201
North Providence, RI 02904

Richard B. Applebaum, Esq., *Pro Se*
6 Power Avenue
Johnston, RI 02921

Robert E. Littlefield, Jr., United States Bankruptcy Judge

**MEMORANDUM-DECISION AND ORDER**

The limited issue before the Court is whether Codie B. Southworth's ("Debtor") counsel, James F. Selbach, Esq. ("Selbach"), withdrew a request for attorney's fees by withdrawing the Debtor's claim for actual damages. If it is determined the request for attorney's fees was withdrawn, a further question arises, whether it was reinstated when Selbach filed an "explanatory" letter. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b).[1]

**BACKGROUND**

By separate decisions, this Court found Jeffrey Southworth ("Jeffrey"), Kailey Southworth ("Kailey"), and attorney Richard B. Applebaum, Esq. ("Applebaum") (collectively "Creditors") violated the discharge injunction. Familiarity with those decisions is presumed. However, the Court will briefly highlight the pertinent facts. On November 4, 2021, this Court issued a Memorandum-Decision and Order finding Kailey and Applebaum violated 11 U.S.C. § 524(a)(2), the discharge injunction, by commencing and continuing a state court lawsuit against the Debtor for an obligation allegedly owed to Kailey. (ECF No. 99). On the same day, this Court issued a separate Memorandum-Decision and Order finding Jeffrey and Applebaum violated the discharge injunction by continuing a state court lawsuit against the Debtor for an obligation allegedly owed to Jeffrey.[2] (ECF No. 100). In both decisions, the Court gave the

---

[1] Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (2021).

[2] Applebaum represented Jeffrey and Kailey in the Rhode Island State Court actions which violated the discharge injunction. Although not an actual creditor, Applebaum is included collectively with Jeffrey and Kailey as he was found liable alongside them. Applebaum is not admitted in the State of New York or in the Northern District of New York.

-2-

Creditors an opportunity to demonstrate their actions were "objectively reasonable" pursuant to *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019).

Kailey and Applebaum each separately appealed the decision that was applicable to them. Kailey's appeal (ECF No. 105) was filed timely on November 18, 2020, and designated case number 20-cv-01430.[3] Applebaum's appeal (ECF No. 111) was dismissed by Order dated December 16, 2020, for failure to timely file the Notice of Appeal. Neither Applebaum nor Jeffrey appealed the decision that pertained to them. Since Kailey requested her stay pending appeal not be heard until June 2021, this Court proceeded with all matters scheduled in this case.

## FACTS

With respect to the limited issue before it, the Court finds the following pertinent facts:

1. On January 25, 2021, Selbach filed a letter ("Letter 1") stating, "In the contested matter . . . against Kailey Southworth [ECF No. 17] and the contested matter against Jeffrey Southworth [ECF No. 73] the Debtor sought an award of actual damages. The Debtor now withdraws the request for actual damages in each of the said matters." (ECF No. 162).

2. On February 25, 2021, hearings were held on various matters. During the hearing on Applebaum's "Motion to Remove James F. Selbach as Attorney for Debtor," Applebaum argues that by withdrawing the claim for actual damages, Selbach withdrew the claim for attorney's fees. (ECF Nos. 173 & 197).

3. On February 26, 2021, Selbach filed a 2nd letter ("Letter 2") which states:

    The purpose of this correspondence is to clarify my correspondence of January 25, 2021. [ECF No. 162].

---

[3] The District Court affirmed this Court's decision by Order dated September 17, 2021. No further appeal was commenced.

-3-

> In the contested matter involving Kailey Southworth the requested relief was "(l) finding a violation of the discharge injunction, (2) imposing sanctions and monetary penalties, (3) awarding attorneys' fees, (4) awarding actual damages, (5) awarding punitive damages, and ([6]) awarding the costs of this motion. <u>Attorney Affirmation</u>, September 19, 2019 [ECF No. 17]. In the contested matter involving Jeffrey B. Southworth the requested relief was "(1) finding a violation of the discharge injunction, (2) imposing sanctions and monetary penalties, (3) awarding actual damages, (4) awarding attorneys' fees, (5) awarding punitive damages, and (6) awarding the costs of this motion." <u>Attorney Affirmation</u>, May 22, 2020 [ECF No. 73].
>
> In that correspondence the Debtor was withdrawing his claim for his actual damages. The separate claim for attorneys' fees was not being withdrawn. The claim for attorneys' fees has not been withdrawn. The Debtor continues to seek this requested relief.
>
> The request for punitive damages in the matter involving Jeffrey B. Southworth is now withdrawn.

(ECF No. 198).

4. On March 18, 2021, this Court issued a Briefing Order to address whether Letter 1's withdrawal of actual damages includes the request for attorney's fees. Selbach was to file papers by March 26, 2021, and the Creditors' replies were due on or before April 30, 2021. Selbach was permitted to file a response, if any, by May 7, 2021. (ECF Nos. 204, 205 & 233).

5. On March 25, 2021, this Court issued an Amended Briefing Order that extended the time for the Creditors responses to May 14, 2021. (ECF No. 246).

6. On March 26, 2021, Selbach filed a fee application as well as a Memorandum of Law and a Declaration regarding the withdrawal of the claim for actual damages and its implication on the request for attorney's fees. (ECF Nos. 252–55).

7. On April 26, 2021, Kailey filed her reply to the application. (ECF No. 261).

8. On April 26, 2021, Jeffrey filed his reply to the application. (ECF No. 262).

9. On May 12, 2021, Applebaum filed a handwritten reply to the fee application. (ECF No. 272).

10. On May 14, 2021, the Court notified Applebaum that the handwritten format did not comply with Federal Rules of Bankruptcy Procedure (collectively "FRBP" or individually "Rule") 9004(a) and a Supplemental Briefing Order was entered. (ECF No. 276).

11. The Supplemental Briefing Order gave Applebaum until June 1, 2021, to resubmit the reply in the proper format and allowed Selbach to file a response, if warranted, by June 8, 2021. *Id*.

12. On June 1, 2021, Applebaum resubmitted his reply in typewritten format. (ECF No. 288).

13. Selbach did not supplement his response and the matter was fully before the Court on June 8, 2021.

## ARGUMENTS

The Creditors argue in sum and substance that the withdrawal of actual damages necessarily includes the request for attorney's fees. They contend that since the request for attorney's fees was withdrawn, the remaining matters are moot and should be dismissed. Kailey and Jeffrey separately detail their understanding of Letter 1. Their replies also cite to statements made on the record by Selbach. However, neither proffers a legal argument. Applebaum adds that pursuant to Federal Rules of Civil Procedure ("FRCP") 41(b),[4] Selbach's withdrawal of actual damages "operates as an adjudication on the merits" with respect to the request for attorney's fees. (ECF No. 288).

---

[4] FRCP 41 is adopted and incorporated into the FRBP by Rule 7041. It is applicable to contested matters via Rule 9014(c).

-5-

Selbach vehemently opposes the Creditors' interpretation of Letter 1 and argues the Debtor never intended to withdraw the claim for attorney's fees. Selbach offers that it defies logic to withdraw attorney's fees when the Court found the Creditors violated the discharge injunction. Finally, Selbach argues that if Letter 1 withdraws the request for attorney's fees then Letter 2 reinstates it.

After a review of the submissions and for the reasons that follow, the Court finds that Letter 1's withdrawal of actual damages does not include the request for attorney's fees.

## DISCUSSION

When a bankruptcy is filed, § 362's automatic stay is invoked. If a party violates the automatic stay, § 362(k) provides the remedy. This subsection states in relevant part, "[A]n individual injured by any willful violation of the stay . . . shall recover actual damages, including costs and attorney's fees . . . ." 11 U.S.C. § 362(k). Thus, under § 362(k) an award of attorney's fees is linked to the actual damages incurred. In contrast, once a discharge is granted § 524 acts as a permanent injunction against creditors seeking to collect on a debt that arose pre-petition. *See In re Covelli*, 550 B.R. 256, 266 (Bankr. S.D.N.Y. 2016). Importantly, unlike § 362(k), § 524 does not link attorney's fees to actual damages.

I.   **11 U.S.C. § 524 Invokes the Court's Inherent Powers.**

It is settled, "[w]hile §524 does not include an explicit enforcement mechanism, violations of the discharge injunction are punishable by contempt." *In re Dogar-Marinesco*, No. 09-35544, 2016 Bankr. LEXIS 4111, at *40 (Bankr. S.D.N.Y. Dec. 1, 2016) (citations omitted). It has long been established that "courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Covelli,* 550 B.R. at 269 (quoting *Spallone v. United States*, 493 U.S. 265, 276 (1990)).

In the present case, this Court determined that § 524 was violated. Thus, application of the automatic stay provisions are inapplicable:

> [T]he automatic stay has dissolved and has been replaced by the discharge injunction. A violation of a discharge injunction does not give rise to the statutory damages set forth in section 362(k) and is instead addressed by the courts through the use of their "inherent civil contempt power under section 105."

*In re Szenes*, 515 B.R. 1, 6 (Bankr. E.D.N.Y. 2014) (citation omitted).

Therefore, this Court "may issue any order necessary to compel compliance with the discharge order to give effect to the discharge injunction." *Id*. Since courts look to their inherent power when the discharge injunction is violated,[5] rather than § 362(k), this Court finds Selbach's withdrawal of actual damages is not fatal to the request for attorney's fees.

Both Jeffrey's and Kailey's opposition detail their feelings of relief after receiving Letter 1. Jeffrey offers that his "research of legal damages indicates that 'actual damages' also [includes] attorney's fees." (ECF No. 259). It is understandable why Jeffrey may have believed the attorney's fees were withdrawn, relying on § 362(k). However, as previously indicated, § 524 does not delineate or mandate the type of damages. Since, this matter is governed by § 524, Jeffrey's reliance on § 362(k) is flawed and legally incorrect.

---

[5] *See In re Beschloss*, No. 15-12139, 2018 Bankr. LEXIS 1364, (Bankr. S.D.N.Y. May 8, 2018) (granting attorneys' fees and legal expenses that were incurred to enforce the discharge injunction.); *Nicholas v. Oren (In re Nicholas)*, 496 B.R. 69 (Bankr. E.D.N.Y. 2011) (Attorney's fees issued in the form of a sanction pursuant to §§105 and 524.); *In re Holley*, 473 B.R. 212 (Bankr. E.D. Mich. 2012) (Awarding the requested attorney's fees as reasonable for violation of the discharge injunction.); *In re Cherry*, 247 B.R. 176, 187 (Bankr. E.D. Va. 2000) ("These sanctions may include actual damages, attorney's fees and, when appropriate, punitive damages.")

## II. Federal Rule of Civil Procedure 41(b) is not applicable.

Applebaum's argument that FRCP 41(b) is applicable and controls in this case is erroneous.[6] FRCP 41 is titled "Dismissal of Actions" and has two (2) discrete subsections governing dismissals. The subsection relied upon by Applebaum, 41(b), is titled "Involuntary Dismissal; Effect" and states, "If the Plaintiff fails to prosecute or comply with these rules or a court order . . . a defendant may move to dismiss the action . . . . Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

By its plain language, the subsection relied upon by Applebaum applies only to involuntary dismissals concerning the failure to prosecute or violating a procedural rule or court order. This subsection also requires a motion be made and a court order of dismissal. Presently, there has been no FRCP 41(b) motion filed by any party and there is no court order of dismissal. Therefore, the Court finds that Applebaum's argument with respect to FRCP 41(b) is baseless.

## III. The February 25, 2021, Hearing and Selbach's Statements.

Jeffrey and Kailey both point to comments Selbach made at the February 25, 2021, hearing regarding the withdrawal of attorney's fees. At that hearing Selbach states, "As the Court is aware, the attorney's fees are considered actual damages, emotional damages are considered separately, that is what we are withdrawing, that was our intent, we have not withdrawn anything other than the claim for actual damages." (ECF No. 197, Feb. 25, 2021, Hrg. at 28:20).

A thorough review of the hearing, however, establishes that the statements were not taken in their proper context. Prior to making that comment, Selbach details that under § 524 the

---

[6] The Debtor has filed a Rule 9011 motion against Applebaum. The motion was returnable November 10, 2021. The Court heard the matter on that day and reserved. It remains pending with a decision to be issued forthwith.

Court is not confined to § 362(k) damages.  Next, Selbach points out that the Debtor requests several different sanctions in addition to actual damages.  He explains, "Under 524 . . . there's a variety of [relief] that I can be granted [including]: attorney's fees, sanctions, actual damages, [and] punitive damages.  We pled all of those in our papers, we simply withdrew actual damages, we did not withdraw anything else.  My claim for attorney's fees is still there." *Id*. at 24:10.  Selbach clarifies the relief requested in the pleading includes "[a]ctual damages to the Debtor, which would be emotional damages, etc., separate and apart attorney's fees, separate and apart punitive damages, my letter simply said I am withdrawing the claim for actual damages.  That leaves a claim for attorney's fees, it leaves a claim for punitive damages." *Id*. at 24:48.  Selbach further asserts, "If I was going to withdraw the claim [for attorney's fees] I would have withdrawn the motion if I was withdrawing everything.  I clearly had not withdrawn all of the claims." *Id.* at 25:19.

Finally, Selbach questions why he would ever withdraw the request for attorney's fees once the Court determined there were violations of the discharge injunction. *Id*. at 28:51.  Selbach indicates it was "never [my] intention to withdraw attorney's fees." *Id*. at 31:00.  Based upon the entire hearing, the Court finds that the request for attorney's fees remains viable.[7]

### CONCLUSION

For all the aforementioned reasons, this Court finds that Selbach did not withdraw the request for attorney's fees.  It appears the only remaining matter in this case is the amount of sanctions, if any, that should be levied.  Selbach has provided the Court and the Creditors with his fee application and will be given an additional twenty-one (21) days, until December 6, 2021,

---

[7] Having found that Letter 1 does not withdraw the request for attorney's fees, the Court need not address whether Letter 2 reinstates it.

to supplement that application from March 26, 2021, to present. The Creditors have forty-five (45) days, until January 20, 2022, to provide the Court with submissions regarding the propriety and/or reasonableness of Selbach's fee application. Selbach will have two weeks, until February 3, 2022, to reply.

Dated: November 15, 2021                        /s/ Robert E. Littlefield, Jr.
     Albany, New York                  Robert E. Littlefield, Jr.
                                                       United States Bankruptcy Judge