UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

CODIE B. SOUTHWORTH,

Case No. 18-11922

Chapter 7

Debtor.

APPEARANCES:

Michael Leo Boyle, Esq.
Attorney for Debtor
Boyle Legal, LLC
64 2nd Street
Troy, NY 12180

James F. Selbach, Esq.
Co-Counsel for Debtor
Selbach Law Offices, P.C.
8809 Daylight Drive
Liverpool, NY 13090

Richard B. Applebaum, Esq., *Pro Se*
1243 Mineral Spring Avenue, Suite 201
North Providence, RI 02904

Richard B. Applebaum, Esq., *Pro Se*
6 Power Avenue
Johnston, RI 02921

Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

The issue before the Court is a "Motion For Sanctions Against Richard B. Applebaum, Esq." ("Applebaum") filed by James F. Selbach, Esq. ("Selbach"), Codie B. Southworth's ("Debtor") attorney. Selbach relies upon Federal Rules of Bankruptcy Procedure (collectively

1

"FRBP" and individually "Rule") 9011(b)(2) and (c). The Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b).[1]

## BACKGROUND

This is yet another page in an ongoing saga involving multiple intrafamily disputes. Prior to the filing of this Chapter 7 proceeding, the Debtor was sued by his father, Jeffrey Southworth ("Jeffrey"), on a prepetition debt. Applebaum represented Jeffrey in the Rhode Island collection action. Immediately after receiving his discharge, the Debtor was sued by his sister, Kailey Southworth ("Kailey"). Like her father, Applebaum represented Kailey.

On September 9, 2019, the Debtor's bankruptcy case was reopened to allow the Debtor to pursue alleged violations of § 524, the discharge injunction. This Court has found the Creditors in contempt and the only remaining issue[2] is the appropriate remedy.

## FACTS

Based upon a review of the docket and pleadings in this matter, the Court finds the following pertinent facts:

1. On November 4, 2020, this Court, by separate decisions, found Jeffrey and Applebaum (ECF No. 100) and Kailey and Applebaum (ECF No. 99) (collectively "Creditors")[3] violated the discharge injunction.

---

[1] Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (2021).

[2] The Court notes Applebaum currently has two appeals pending before the District Court.

[3] Although not an actual creditor, Applebaum is included with Jeffrey and Kailey as he was found liable along with them. Applebaum is not admitted in the State of New York or this District.

2

2. Kailey and Applebaum each separately appealed the decision applicable to them. Kailey's appeal was filed and designated case number 20-cv-01430.[4] (ECF No. 105). Applebaum's appeal was dismissed for failure to timely file a Notice of Appeal. (ECF No. 111). Neither Jeffrey nor Applebaum appealed the decision that pertained to them.

3. By Order dated January 21, 2021, the Court found Applebaum and Kailey in contempt of the discharge order. On January 22, 2021, Applebaum and Jeffrey were also found to be in violation of § 524. A status hearing was set to determine the parameters of an inquest on damages. (ECF Nos. 153 & 156).

4. On January 25, 2021, Selbach filed a letter withdrawing the Debtor's request for actual damages[5] against Jeffrey and Kailey. (ECF No. 162).

5. On February 10, 2021, the status hearing was held and adjourned to February 25, 2021.

6. On February 25, 2021, hearings were held on various matters. During argument on Applebaum's "Motion to Remove James F. Selbach as Attorney for Debtor[,]" Applebaum alleged that by withdrawing the claim for actual damages, Selbach withdrew the claim for attorney's fees. (ECF Nos. 173 & 197).

7. On February 26, 2021, Selbach filed a second letter seeking to clarify the Debtor's position with respect to the withdrawal. (ECF No. 198).

---

[4] The District Court affirmed this Court's decision. (ECF No. 335). No further appeal was undertaken by Kailey.

[5] The Debtor originally requested several forms of relief including: "(1) finding a violation of the discharge injunction; (2) imposing sanctions and monetary penalties; ([3]) imposing actual damages; ([4]) imposing punitive damages; ([5]) awarding attorneys' fees; ([6]) awarding the costs of this motion." (ECF No. 17).

8. On March 18, 2021, this Court issued a Briefing Order on the limited question of whether the Debtor's withdrawal of the request for actual damages includes attorney's fees. The Briefing Order directed Selbach to file papers by March 26, 2021. Applebaum, Jeffrey and Kailey were to file replies on or before April 30, 2021. Selbach was permitted to file a response, if any, by May 7, 2021. (ECF No. 233).

9. On March 26, 2021, Selbach filed a fee application as well as a Memorandum of Law and a Declaration regarding the withdrawal of the claim for actual damages and its implication on the request for attorney's fees. (ECF Nos. 252–55).

10. On April 26, 2021, both Kailey and Jeffrey filed their replies. (ECF Nos. 261 & 262).

11. On May 12, 2021, Applebaum filed a handwritten reply to Selbach's submission. (ECF No. 272).[6]

12. On May 14, 2021, the Court notified Applebaum that the handwritten format did not comply with Rule 9004(a) and a Second Amended Briefing Order was entered. (ECF No. 276).

13. The Order gave Applebaum until June 1, 2021, to resubmit his reply in the proper format and allowed Selbach to file a response by June 8, 2021. *Id.*

14. On June 1, 2021, Applebaum resubmitted a typewritten reply titled, "Preliminary Memorandum/Declaration in Opposition to Renewal of Claims for Actual Damages." Applebaum relied upon Federal Rules of Civil Procedure ("FRCP") 41(b). (ECF No. 288).

---

[6] On March 25, 2021, the Court issued an Amended Briefing Order which extended the Creditors time to reply to May 14, 2021. (ECF No. 246).

15. On June 10, 2021, Selbach served Applebaum with a copy of a third[7] 9011 motion ("9011 Motion"). (ECF No. 318 at ¶ 12).

16. Applebaum did not withdraw the pleading and on July 2, 2021, Selbach filed the 9011 Motion.[8] *Id.*

17. The hearing was scheduled for July 28, 2021. *Id.*

18. The 9011 Motion was discussed and, to allow ample time to respond, adjourned to September 22, 2021. The Court directed Applebaum to file responsive pleadings by September 15, 2021.  (ECF No. 324).

19. At the hearing held on September 22, 2021, Applebaum indicated he was not aware of the 9011 Motion. To ensure a full and complete record, the Court further adjourned it to November 10, 2021. Applebaum was instructed to submit a reply by November 3, 2021. (ECF No. 338).

20. On November 1, 2021, Applebaum filed his reply.  (ECF No. 339).

21. On November 10, 2021, the 9011 Motion was heard and the Court reserved decision.

**ARGUMENTS**

Selbach's argument is straightforward.  He argues that FRCP 41(b) specifically deals with involuntary dismissals.  Selbach states, "A simple and plain reading of the rule reveals that [Applebaum's] argument is completely without merit."  (ECF No. 318 at ¶ 7).  He continues,

---

[7] On February 12, 2021, Selbach filed the first 9011 motion making it returnable on February 25, 2021. (ECF No. 177). The motion was withdrawn by Selbach on February 26, 2021. On June 11, 2021, Selbach filed a second 9011 motion to be heard on June 16, 2021. (ECF No. 292).  The second motion was denied. (ECF No. 325).

[8] To invoke Rule 9011(c) certain procedural requirements must be met including the requirement that it must be served on the opposing party 21 days before the matter is brought to the Court.   This "safe harbor" provision affords the "offending" party an opportunity to withdraw the pleading before a motion is filed.  The 9011 Motion complies with these requirements.

"The legal arguments . . . are not warranted by existing law or by a nonfrivolous argument for the extension . . . of existing law . . . ." *Id*. at ¶ 9. Selbach concludes, "[A]fter reasonable inquiry, an attorney would recognize that it is patently clear that the position has absolutely no chance of success." *Id*.

Applebaum insists, "In the opposition to Renewal of Claims for Actual Damages, I correctly rely, in part, upon Rule 41(b) of the Federal Rules." (ECF No. 339 at ¶ 4). He continues, "Rule 41(b) of the Federal Rules of Civil Procedure at least arguably applies given the entire track record of litigation in this contentious, possibly precedent-setting matter, and rulings on possible fee awards in this matter should fairly, justly and equitably be considered adjudicative on the merits . . . ." *Id.* at ¶ 8.

## DISCUSSION

Rule 9011(c) authorizes this Court to levy "an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." *Heritage Realty Assocs. Corp. v. First Citizen's Bank (In re Heritage Realty Assocs. Corp.)*, No. 15-41859, 2016 Bankr. LEXIS 2192, at *8 (Bankr. E.D.N.Y. June 2, 2016) (quoting Fed. R. Bankr. P. 9011(c)). It has been decided:

> [A]n attorney or pro se litigant presenting a pleading, written motion, or other paper to the court it is certifying that, . . . ["](2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[."]

*Id*. at 8-9 (quoting Fed. R. Bankr. P. 9011(b)(2)).

Additionally, "Rule 9011(b)(2) certification extends to the duty to perform adequate legal research that confirms a party's legal position is warranted by existing law or a good faith

argument for a modification or extension of existing law before the filing is made." *In re Schmelcher*, No. 11-61607, 2015 Bankr. LEXIS 476, at *26 (Bankr. N.D.N.Y. Feb. 13, 2015) (citations omitted).

When analyzing a 9011 motion, the standard is "objective reasonableness." *Heritage*, 2016 Bankr. LEXIS 2192, at *10. For sanctions to be warranted, "it must be clear that the motion made has no chance of success under the existing circumstances." *Id*. (quoting *In re Gorshtein*, 285 B.R. 118, 125 (Bankr. S.D.N.Y. 2002)). If a court finds Rule 9011 has been violated, it has wide discretion to fashion a sanction, if any. *Id*. However, "[w]hen imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." Fed. R. Bankr. P. 9011(c)(3).

Applebaum insists his reliance on FRCP 41(b) is correct; it is not. A cursory review of FRCP 41(b) leads to one conclusion: Applebaum's reliance on it had no chance of success. Subdivision (b) is titled "Involuntary Dismissal; Effect." It states in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order,[9] a defendant may move to dismiss the action . . . . Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

First, the plain language of the subsection indicates the opposing party may make a motion to dismiss based upon a failure to prosecute a claim. Fed. R. Civ. P. 41(b). Applebaum never filed such a motion. Next, FRCP 41(b) requires a Court Order of dismissal. Since no

---

[9] There is no allegation that the Debtor violated any Rule or Court Order. Since Applebaum focused on the failure to prosecute, the Court limits its analysis to that portion of FRCP 41(b).

7

motion to dismiss was made, there is no Court Order of dismissal. Clearly the prerequisites necessary for FRCP 41(b) have not been met.

Second, the numerous docket entries in this case do not support the contention that the Debtor failed to prosecute his claim. After the Debtor received his discharge in February 2019, the case closed. At the time of closing, there were fourteen docket entries. On September 13, 2019, Selbach filed an *ex parte* application to reopen the case which is docket number fifteen. The last docket entry at this time is three hundred and fifty-one.

Specifically evidencing the Debtor's prosecution of this case, Selbach has filed: a "Motion to Enjoin [Applebaum's] Unauthorized Practice of Law and [to] Strike Filed Document" (ECF No. 26);[10] two (2) sanction motions pursuant to 28 U.S.C. § 1927[11] (ECF Nos. 70 & 185);[12] and three (3) Rule 9011 motions (ECF Nos. 177, 292 & 318). Moreover, the Debtor has made two (2) motions for summary judgment which were granted. (ECF Nos. 99 & 100). In granting these dispositive motions, this Court found the Creditors violated the discharge injunction. The facts of this case clearly demonstrate the Debtor did not fail to prosecute this matter.

---

[10] The Motion to Enjoin was granted and Applebaum's objection, on behalf of Kailey, to the Debtor's application to reopen the bankruptcy proceeding was stricken. (ECF No. 33).

[11] 28 U.S.C. § 1927 is titled "Counsel's liability for excessive costs" and states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

[12] The first § 1927 motion was granted and Selbach was awarded $500.00 in attorney's fees. (ECF No. 136). The second § 1927 motion was denied. (ECF No. 243).

Finally, at oral argument regarding the 9011 Motion, Applebaum suggested his pleadings are an extension of existing law. The Court disagrees. For a pleading "to constitute a frivolous legal position . . . it must be clear under existing precedents that there is . . . no reasonable argument to extend, modify or reverse the law as it stands." *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2nd Cir. 1990) (citation omitted).

When reviewing a challenged pleading to determine whether there is a reasonable argument to extend the law, the Court must question "whether a reasonable attorney in like circumstances could have believed his actions to be legally justified." *Schmelcher*, 2016 Bankr. LEXIS 476, at *24 (citation omitted). Since the Debtor's attorney *voluntarily* withdrew the request for actual damages, it suspends logic and reason to invoke FRCP 41(b). Under these circumstances, there is also no reasonable argument to extend the law.

## APPROPRIATE SANCTIONS

Having determined Rule 9011 was violated, this Court must determine an appropriate sanction, if any. In doing so, this Court has broad discretion with "virtually no limits on judicial creativity." *In re Martin*, 208 B.R. 807, 811 (N.D.N.Y. 1997) (citation omitted). However, this Court recognizes "[t]he purpose of a sanction under Bankruptcy Rule 9011 is to 'deter repetition of such conduct . . . .'" *Heritage*, 2016 Bankr. LEXIS 2192, at *16 (citation omitted). Notably, Rule 9011 is not a fee shifting provision. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 369 F.3d 91, 98 (2nd Cir. 2004).

A review of the case law indicates courts have issued monetary penalties as well as nonmonetary sanctions. Nonmonetary sanctions include but are not limited to: admonishment;[13]

---

[13] *In re Medina*, No. 12-13741, 2013 Bankr. LEXIS 941, at *8 (Bankr. N.D. Ind. Jan. 3, 2013).

revocation of *pro hac vice* status;[14] completion of Continuing Legal Education courses;[15] publication of the decision finding the attorney had violated Rule 9011;[16] and referral to the United States Trustee with a request that they initiate a proceeding in the District Court seeking a temporary suspension of the offending attorney.[17]

Based upon the facts of this case, the Court finds a monetary sanction is inappropriate. Rather, to achieve the goal of deterrence, Applebaum is directed to participate in three (3) hours of Continuing Legal Education ("CLE") focusing on bankruptcy law and procedure. These hours are to be finished by February 28, 2022.  Applebaum is directed to file a certification that he participated in the CLE course within ten (10) days of completion. This Court finds the CLE to be appropriate because, as aptly stated in *Hoemig*,[18] "the motion was filed as a result of counsel's ignorance.  The best remedy for ignorance is education." 2009 Bankr. LEXIS 80, at *8.

## CONCLUSION

For all the reasons stated, the Court finds Applebaum violated Rule 9011.  Applebaum is directed to complete three (3) hours of CLE on the topic of bankruptcy law and procedure on or before February 28, 2022 and to file the certification of completion within ten (10) days.

Dated: December 22, 2021                             /s/ Robert E. Littlefield, Jr.
       Albany, New York                              Robert E. Littlefield, Jr.
                                                     United States Bankruptcy Judge

---

[14] *In re Rimsat, Ltd.*, 229 B.R. 914, 923 (Bankr. N.D. Ind. 1998).

[15] *In re Hoemig*, No. 08-11241, 2009 Bankr. LEXIS 80, at *9-10 (Bankr. N.D. Ind. Jan. 9, 2009).

[16] *In re Parikh*, 508 B.R. 572, 580 (Bankr. E.D.N.Y. 2014).

[17] *In re Thomas*, 612 B.R. 46, 70 (Bankr. E.D. Pa. 2020), *modified* the next day by the Bankruptcy Court to delete certain language without changing the conclusion.

[18] *See* n.15.